RICHARD A. HUNGERFORD et al., Respondents, v. OCEAN GARDENS, INC., Appellant, and ALFRED T. DAVISON et al., Respondents.— Beginning in 1870 one Bergen acquired what is now six square blocks of land in the village of Free-

port, Nassau County. At various times before, and in the year 1901, Bergen and his executors made conveyances of various parcels in the area, in some of which no restrictions were imposed, and in some of which he imposed a restrictive covenant that the grantee, his heirs and assigns, would not use the property conveyed for any use other than a dwelling house or a usual outbuilding to a dwelling house, the covenant to run with the land, and to be enforcible, not only by the grantor, but by the owner of any lot adjoining or in the neighborhood of the premises, deriving title through Bergen and subject to a similar covenant. In this action under article 15 of the Real Property Law to declare the covenant inoperative because of a change in the character of the neighborhood, judgment was entered in favor of plaintiffs, who own five of the ten parcels affected by the restrictive covenant. The owners of other parcels signed releases of the covenant. All other owners, joined as defendants, except appellant, either consented to judgment or defaulted in pleading. Appellant is the owner of a plot of land, the greater portion of which had been conveyed by Bergen not subject to the restrictive covenant, on which land it has built an apartment house and eight garages. Judgment affirmed, with costs. The evidence is not sufficient to show that the character of the neighborhood has changed sufficiently to warrant the relaxing of the covenant, or that plaintiffs would suffer damage by its continuance, or that appellant will not suffer damage if the restriction is removed. However, appellant is not in a position to enforce the covenant. The restrictive covenant might have been enforced by this appellant if there were proof that the covenant was imposed in the carrying out of a uniform plan (*Korn* v. *Campbell*, 192 N. Y. 490) or where, from the face of the deed to other grantees, it appeared that the covenant was imposed on such other grantees for the benefit of the owner seeking to enforce the covenant so that the latter may be deemed a third-party beneficiary of the agreement between the parties to the deeds to the other grantees (*Vogeler* v. *Alwyn Improvement Corp.*, 247 N. Y. 131, 136–137; *Bristol* v. *Woodward*, 251 N. Y. 275, 284). In the case at bar, the proof is that there was no uniform plan. In our opinion, appellant may not be deemed to have been the third-party beneficiary of the restrictive covenants contained in the deeds to other grantees. It appears that appellant has erected a three-story apartment house on the unrestricted portion of its property, and eight garages upon the restricted portion. We construe the covenant as not having been intended to be for the benefit of an owner such as appellant. Adel, Wenzel, MacCrate and Beldock, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: I agree with the conclusion reached by the majority that plaintiffs failed to establish any right to relief on the theory advanced in their complaint that the character of the neighborhood had so changed as to warrant the relaxing of the covenant. No issue was tendered as to the intention of plaintiffs' grantor in subjecting their lands to the restrictive covenant which they sought to avoid. On the record presented, that intent must be gathered from the language employed, by which it is provided that the covenant may be enforced by the owner of any lot in the neighborhood, deriving title through the common grantor and subject to a similar covenant. Appellant is the owner of such a lot and as such is apparently one of those intended to be protected by the restrictions imposed on the lands conveyed to plaintiffs. Consequently, appellant may insist that the covenant be enforced. (*Vogeler* v. *Alwyn Improvement Corp.*, 247 N. Y. 131, 136–137; *Bristol* v. *Woodward*, 251 N. Y. 275, 284.) The record does not establish that appellant's land is being used for any purpose which violates

the restrictions imposed. If relief were sought against appellant on that ground, it would have been incumbent on plaintiffs to plead and prove the facts which would establish such a claim. Neither should appellant be denied the protection of the restrictive covenant because it has erected an apartment house on the unrestricted portion of its property. Plaintiffs may make a similar use of their lots, if they see fit to do so, without violating the restrictions imposed thereon. (*Bennett* v. *Petrino,* 235 N. Y. 474, 479; *Reformed Prot. Dutch Church* v. *Madison Ave. Bldg. Co.,* 214 N. Y. 268, 273–275.)