MABEL F. TRYON, Appellant, *v.* SOPHIA F. SPIEGEL et al., Respondents, et al., Defendants.

Third Department, June 17, 1959.

*Teeter, Harpending, Fox & Swartwood* (*DeForest E. Fox* of counsel), for appellant.

*Denton, Winding & Moseson* (*Harry Moseson* of counsel), for Sophia F. Spiegel, respondent.

*McCabe & Cain* for Nicholas T. Malone and others, respondents.

Coon, J. Appellant brought this action under article 15 of the Real Property Law seeking an adjudication that certain real property which she owned was free and clear of the incumbrance of any restrictive covenants.

In 1928 appellant acquired a parcel of land by deed which contained building restrictions which, so far as pertinent here, read: " Subject to the conditions and restrictions and conditions to run with the land that said premises shall be used for dwelling purposes only ". The deed also recited: " The parties of the first part covenant and agree to observe on their own premises the same restrictions as herein contained." In 1929 appellant acquired another parcel, adjoining the first, by deed containing a similar restriction with a slight difference not important on this appeal. The respondents are owners of other parcels of land adjoining these lands so acquired by appellant.

The common remote grantor of the lands of both appellant and respondents is one Moss. When Moss conveyed the lands now owned by appellant he imposed the restriction in the conveyance. Moss continued to own other land, including the parcels now owned by respondents, until 1937, when he sold it by conveyance which contained no restrictions whatever. Consequently the respondents own their land free from restrictions and there are no restrictions in their chain of title. Appellant is now desirous of converting a portion of her property to business use (a gas station), and the principal question

presented here is whether respondents have a legal standing or capacity to enforce the restrictions contained in the appellant's deeds but not in their own.

There is no evidence and no claim that the original grantors had any common scheme or plan for the development of their property. There was no agreement by the grantors to impose a similar burden upon their remaining lands when sold. Instead of the clear and convincing proof required that the restriction was for the benefit of other purchasers, the language used and the conduct of the grantor indicate an intention that the restriction was personal and was for the benefit of the grantors only. (*Hungerford* v. *Ocean Gardens,* 283 App. Div. 797, affd. 308 N. Y. 765.)

In the *Hungerford* case the restriction expressly provided that it be enforcible not only by the grantor, but by the owner of any lot adjoining or in the neighborhood of the premises, deriving title through the common grantor and subject to a similar covenant. The defendant was such a person, yet it was held that he was not in a position to enforce the covenant.

The *Hungerford* case would seem to be controlling here. Having reached this conclusion, it is unnecessary to pass upon the question of whether the neighborhood has so changed that a court of equity should afford relief.

The judgment should be reversed, with costs to appellant, and judgment granted to the appellant for the relief demanded in the complaint.

BERGAN, J. P., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Judgment reversed, with costs to appellant, and judgment granted to the appellant for the relief demanded in the complaint.

Settle order.