■ PHILIP GERSH, Respondent, v. KASPAR & ESH, INC., et al., Appellants.— Order, entered on May 18, 1960, denying motion to dismiss complaint for legal insufficiency, reversed, on the law, with $20 costs and disbursements to the appellants, and the motion granted, with $10 costs, and each of the three causes of action dismissed but, in the exercise of discretion, with leave to plaintiff to serve an amended complaint within 20 days after entry of the order hereon. Both the first cause of action alleging intentional falsehood resulting in injury, and the second alleging malicious interference by means of such falsehood with prospective economic advantage, are insufficient in the absence of an allegation of special damages (*Penn-Ohio Steel* v. *Allis-Chalmers Mfg.,* 7 A D 2d 441). The general allegation that numerous prospective employers refused to employ plaintiff by reason of the intentional misstatements of defendants is inadequate as a pleading of special damages (cf. *Reporters' Assn.* v. *Sun Print. & Pub. Assn.,* 186 N. Y. 437; *Tower* v. *Crosby,* 214 App. Div. 392). The third cause of action, which purports to charge slander, is insufficient for the same reason. To say of plaintiff that he was a mere clerk rather than the kind of supervisor he claims to have been is not, without more, slanderous per se. Hence, special damages must be alleged if the cause of action is to be found sufficient (*Frawley Chem. Corp.* v. *Larson Co.,* 274 App. Div. 643; see 53 C. J. S., Libel and Slander, § 191). Since plaintiff is permitted to replead, it should be observed that this cause of action, by omnibus incorporation and directly, includes many allegations which extend beyond a single charge of slander. It also refers to a letter, not set forth, thereby suggesting a libel rather than a slander. Concur — Breitel, J. P., McNally and Eager, JJ.; Rabin, J., dissents in part and votes to deny as to third cause of action in a dissenting in part memorandum as follows: I agree with my associates that the first two causes of action are insufficient in that they fail to allege special damages. However, I disagree that the third cause of action requires a pleading of such damage. Where words are defamatory they are actionable per se if they are spoken of one in connection with his business or calling. There can be no question but that these words were spoken in connection with this plaintiff's business or calling. The only question is as to whether they are defamatory. The plaintiff alleges that the defendant said of him that he was a "mere clerk" with "no office managerial ability." It is the use of the word "mere" that makes this expression defamatory and therefore actionable. Implicit in the word "mere" is that plaintiff is less than what he holds himself out to be. A jury could very well find that as used it was a term of derogation and so intended to be. If it can be fairly interpreted in that manner, it is a reflection on the plaintiff affecting his calling. We are not here concerned with the question as to whether the remark was privileged — either qualifiedly so or otherwise. That is for the defense to plead. In any event the complaint pleads malice in the utterance of the remarks. I believe the plaintiff has pleaded a good cause of action; that the remark used is slanderous per se and that consequently no special damages need be proven.