■ DENIS J. DONEGAN et al., Respondents, v. RICHARD J. BOYLAN et al., Appellants, et al., Defendants.— In an action by plaintiffs for a judgment declaring that their respective premises are not subject to any restrictive covenants prohibiting the erection of a one-family dwelling thereon, and in which the answering defendants counterclaimed to enjoin the violation of such covenants, the said defendants appeal from a judgment of the Supreme Court, Suffolk County, entered March 11, 1960, upon the decision of the court, after a nonjury trial, in favor of plaintiffs and dismissing the counterclaim of said defendants. Judgment affirmed, with costs. (*Hungerford* v. *Ocean Gardens*, 283 App. Div. 797, affd. 308 N. Y. 765; *Tryon* v. *Spiegel*, 8 A D 2d 219; *Buffalo Academy of Sacred Heart* v. *Boehm Bros.*, 267 N. Y. 242.) Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur.

■ GENEVIEVE E. FINN, as Executrix of EDGAR M. HILL, JR., Deceased, et al., Respondents, v. GEORGE MAY, Appellant, et al., Defendant.— In an action for judgment declaring that the transfer and conveyance of certain real property by defendant Minerva M. Hill to defendant May is fraudulent and void as against the creditors of Edgar M. Hill, Jr., deceased; declaring that defendant May holds the property in trust for said creditors; and for other relief, defendant May appeals from an order of the Supreme Court, Kings County, dated November 1, 1960, denying his motion for summary judgment dismissing the complaint as to him, pursuant to rule 113 of the Rules of Civil Practice. Plaintiffs in this action are, respectively: (1) the executrix of the decedent, who has a claim for commissions and for services rendered and moneys loaned to decedent prior to his death; and (2) the attorney for the executrix, who has a claim for services rendered to the estate. Defendant Hill is the specific devisee of said real estate owned by decedent; defendant May is the transferee of the devisee. The conveyance from the devisee to the transferee is alleged to have been made without consideration and in fraud of plaintiffs. Order reversed, with $10 costs and disbursements; defendant May's motion for summary judgment granted; and complaint dismissed as to him. In a petition for an accounting presented in the Surrogate's Court, New York County, about three years before the institution of this action, the executrix, pursuant to sections 232 and 233 of the Surrogate's Court Act, requested authorization to collect the rents of the specifically devised real property here involved, and to sell it in order to pay the decedent's debts, funeral and administration expenses. That petition is still pending and undetermined. If the Surrogate's Court grants the petition this action is not necessary. If the Surrogate's Court denies the petition, plaintiffs have no cause of action. These plaintiffs are not creditors of the *devisee*. They are alleged creditors of the decedent and of his estate. There is no claim that *decedent* devised this property in fraud of these plaintiffs. The whole matter should be disposed of in the Surrogate's Court. Beldock, Ughetta, Christ and Brennan, JJ., concur; Nolan, P. J., concurs in result.