◼ J. P. McCULLOUGH, Respondent, v CERTAIN TEED PRODUCTS CORPORATION, Appellant. (Appeal No. 1.)—Order unanimously affirmed, with costs. Memorandum: Defendant appeals from an order of Special Term which denied its motion under CPLR 3211 to dismiss plaintiff's amended complaint. We find that the allegations of the complaint are sufficient to state the two causes of action alleged therein. The first cause of action, in the nature of an intentional tort, alleges, *inter alia,* that plaintiff was discharged from his employment because of his refusal to participate with other employees of defendant, including his superiors, in allegedly unlawful conduct. While we do not read the complaint as stating a motive for economic gain on the part of plaintiff's coemployees or his superiors, the issue is irrelevant in any event (see *Morrison v National Broadcasting Co.,* 24 AD2d 284, 287, revd on other grounds 19 NY2d 453). In an action for intentional or prima facie tort, special damages must be alleged *(Wegman v Dairylea Coop.,* 50 AD2d 108). Liability depends upon the causing of actual damages which may not be presumed from the intention or act of the tortfeasor *(Zausner v Fotochrome,* 18 AD2d 649). When plaintiff's grievance is predicated on a discharge from employment, his damages are such as are usually comprehended in prima facie tort actions (cf. *Brandt v Winchell,* 283 App Div 338; 286 App Div 249, affd 3 NY2d 628). Thus, in pleading a prima facie tort, plaintiff's complaint will fail unless he specifically pleads his actual damages. Here the proximate result of the discharge of the plaintiff is alleged to have been plaintiff's loss of wages. That loss has been sufficiently alleged to put the defendant on notice as to the precise nature of the damages in order that the defendant might be prepared to defend the action (see *Reporters' Assn. of Amer. v Sun Print. & Pub. Assn.,* 186 NY 437, 443). Plaintiff's second cause of action alleges slander. The words claimed to have been defamatory are: "After what he did it is no wonder that Mr. Prechek will not give you a reference." It is alleged that these words were communicated by telephone by an employee of defendant to an employment agency, after plaintiff's discharge, in response to the employment agency's inquiry as to why Mr. Prechek, who was plaintiff's former superior, had not returned a prior telephone call from the employment agency. Words tending to disparage a person in the way of his office, profession or trade are slanderous per se *(GTP Leisure Prods. v B-W Footwear Co.,* 55 AD2d 1009; *Gersh v Kaspar & Esh,* 11 AD2d 1005). The meaning of allegedly defamatory words is that which they would ordinarily be expected to convey to those to whom they are addressed *(Rovira v Boget,* 240 NY 314, 316; *Greyhound Securities v Greyhound Corp.,* 11 AD2d 390). The complaint alleges that the meaning of said words is that plaintiff was incompetent or incapable, or did some act of a bad or unlawful character. Under the circumstances of this case, we find that the listener could reasonably infer such a meaning from the spoken words. Whether such was in fact the meaning is a jury question *(November v Time, Inc.,* 13 NY2d 175; *Mencher v Chesley,* 297 NY 94). If the words complained of are found to be slander-

ous per se, the cause of action will stand, even without an allegation of special damages *(Gersh v Kaspar & Esh, supra)*. We have examined the other issues raised by defendant and we find them to be without merit. (Appeal from order of Erie Supreme Court—dismiss complaint.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Moule, JJ.