■ HAROLD C. FIELDS et al., Respondents, v ROBERT LEEPONIS et al., Defendants, and GARCY CORPORATION et al., Appellants. — In an action to recover an attorney's fee, defendants Garcy Corporation, Reflector Hardware Corp., and Aaron, Schimberg, Hess, Rusnak, Deutsch & Gilbert appeal from an order of the Supreme Court, Queens County (Miller, J.), dated October 7, 1982, which denied their motion to dismiss the complaint for failure to state a cause of action. Order affirmed, with costs. Where, as here, affidavits are submitted on a motion to dismiss pursuant to CPLR 3211 (subd [a], par 7) which has not been converted into a summary judgment motion, the question to be determined is whether the plaintiffs actually have a cause of action, and a dismissal will be warranted only in those situations where the affidavits conclusively establish that there is no cause of action (see *Guggenheimer v Ginzburg,* 43 NY2d 268, 274-275; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 636; *Brown v Brown,* 87 AD2d 680). Viewed in this manner, we regard the instant complaint, as supplemented by the affidavit submitted in opposition to the appellants' motion, as alleging that the plaintiff attorneys were discharged by their clients (defendants Leeponis and Garcy Stud of New York, Inc.), without just cause, prior to the settlement of the underlying lawsuit, and that the lawsuit was settled by the payment of at least $10,000 directly to their former clients in violation of their lien. No special formality is required to effect the discharge of an attorney (see *Costello v Bruskin,* 58 AD2d 573, 574), and where the services of an attorney are incomplete at the time of his discharge, he is permitted to recover on a *quantum meruit* basis (see *Marschke v Cross,* 82 AD2d 944; *Matter of Shaad,* 59 AD2d 1061). Moreover, in view of the allegations to the effect that the settlement was effected by direct payment to the former clients, without counsel's consent, as part of a "collusive" maneuver on the part of the defendants to deprive these plaintiffs of their statutory lien, the moving defendants (the Garcy Corporation, Reflector Hardware Corporation, and their Illinois attorneys in the prior lawsuit) were properly joined as parties defendant in this action, although their ultimate liability, if such be estab-

lished, would be secondary to that of the former clients (see *Morehouse v Brooklyn Hgts. R. R. Co.,* 185 NY 520, 524; cf. *Fischer-Hansen v Brooklyn Hgts. R. R. Co.,* 173 NY 492, 500-502; *National Exhibition Co. v Crane,* 167 NY 505; *Matter of Winkler,* 154 App Div 532, 535). We note, however, that since the retainer agreement specified that plaintiffs' recovery was to be in the form of a stated percentage of "all sums recovered", they would not, by virtue of that agreement, be entitled to recover any percentage of the counterclaim against their clients which was allegedly released as part of the settlement (see *Richland v Bramnick,* 81 NYS2d 735; see, also, *Mackey v Passaic Stone Co.,* 36 NYS2d 232, affd 266 App Div 690, affd 292 NY 525). Mollen, P. J., Gulotta, O'Connor and Rubin, JJ., concur.