■ LINDA L. DONN et al., Respondents-Appellants, v ALLAN D. SOWERS et al., Appellants-Respondents. — In an action, *inter alia,* for enforcement of restrictive covenants, defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered September 16, 1983, after a nonjury trial, as (1) ordered them to demolish in its entirety the beachhouse structure on their premises, (2) ordered them to either (a) reduce by truncation the size of their apartment-garage at its present location from two and one-half stories to one story, in which event the garage may remain at its present location, or (b) move the apartment-garage structure "lock, stock and barrel" to the site of the original garage which was destroyed by fire in January, 1981, and (3) ordered that plaintiffs' third cause of action for counsel fees to be severed and returned to the Equity Trial

Calendar for a hearing before another Justice, and plaintiffs cross-appeal from so much of the judgment as dismissed their fifth cause of action seeking to enjoin a professional use of the defendants' premises, and held that defendant Allan Dale Sowers may continue his practice as a pastoral counselor and psychoanalyst. ¶ Judgment modified, on the law and the facts, by (1) deleting therefrom all provisions granting relief to plaintiffs Edward Vale Sayre and Virginia Rogers Sayre, and dismissing the complaint insofar as it is asserted by them, and (2) deleting therefrom the fourth decretal paragraph and substituting therefor a provision dismissing the third cause of action as asserted by all plaintiffs. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. ¶ Plaintiffs have failed to show, by the requisite "clear and definite proof" (see *Huggins v Castle Estates,* 36 NY2d 427, 432) that the common scheme or uniform plan of development included any property other than lots one and two of the subdivision, belonging to plaintiff Donn and defendants, respectively. Therefore, plaintiffs Sayre have no standing to enforce the restrictive covenants, and the complaint, insofar as it is asserted by them, should be dismissed (see *Huggins v Castle Estates, supra; Hungerford v Ocean Gardens,* 283 App Div 797, affd 308 NY 765; *Steinmann v Silverman,* 14 NY2d 243, 245-246; *Buffalo Academy v Boehm Bros,* 267 NY 242; *Bristol v Woodward,* 251 NY 275, 284; *Korn v Campbell,* 192 NY 490, 494-496; *Equitable Life Assur. Soc. v Brennan,* 148 NY 661, 671-672; *Graham v Beermunder,* 93 AD2d 254, 258-261; *Lewis v Spies,* 43 AD2d 714; *Tryon v Spiegel,* 8 AD2d 219; *Davidson v Dunham,* 159 App Div 207). ¶ Further, plaintiffs' third cause of action for counsel fees should be dismissed. "The law is well settled that in the absence of a statute expressly authorizing him to do so, or unless the parties have otherwise agreed or stipulated, a civil litigant may neither sue his adversary to recover fees paid to his attorney for legal services, nor, unless the court has directed taxation of such a payment in extraordinary circumstances, tax them as a disbursement (*City of Buffalo v Clement Co.,* 28 NY2d 241, 262-263; 8 Weinstein-Korn-Miller, NY Civ Prac, par 8301.04)" (*Rahabi v Morrison,* 81 AD2d 434, 437). "But there is a well-recognized exception to the rule. If, through the wrongful act of his present adversary, a person is involved in earlier litigation with a third person in bringing or defending an action to protect his interests, he is entitled to recover the reasonable value of attorneys' fees and other expenses thereby suffered or incurred" (*Shindler v Lamb,* 25 Misc 2d 810, 812, affd 10 AD2d 826, affd 9 NY2d 621). Plaintiffs' claim for counsel fees incurred in this action does not come within any of the above exceptions and should, therefore, be dismissed. ¶ We have considered defendants' other contentions and find them to be without merit. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.