OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs, by reversing so much as affirms the dismissal of the third cause of action in the complaint and, as so modified, affirmed. The certified question should be answered in the affirmative.
We agree with the Appellate Division, for the reasons stated in its memorandum and the memorandum of Special Term, that the second, fourth, fifth and seventh causes of action should be dismissed.
*772 With respect to the sixth cause of action, the complaint is not susceptible to an interpretation that plaintiff is seeking to recover accrued pay for the period beyond 30 days during which he was discharged prior to the holding of a hearing pursuant to Civil Service Law § 75. While such a claim may be made in a civil action (Gerber v New York City Housing Auth., 42 NY2d 162,165), plaintiff has never suggested that he seeks such relief. Rather, the complaint and plaintiff’s arguments have been exclusively addressed to alleged procedural improprieties in the hearing that was held, and that claim must be raised in an article 78 proceeding (Van Buskirk v Odessa-Montour Cent. School Dist., 50 AD2d 969).
The third cause of action, which seeks damages for defamation based on publication of the statement that plaintiff was discharged “for cause,” should not, however, have been dismissed. Plaintiff has alleged that the statement is untrue and was intended to injure him in his profession by indicating that he is incompetent to perform his professional duties. As such, it states a valid cause of action in libel (November v Time, Inc., 13 NY2d 175). To the extent that defendants argue that plaintiff is wrong in alleging that the statement is false, their argument may not be considered on a motion to dismiss under CPLR 3211 (a) (7) for failure to state a claim (see, e.g., Morone v Morone, 50 NY2d 481, 484). And to the extent that defendants argue that the statement is not defamatory because it means only that the hospital administrators had a “reason,” which may or may not be valid, for dismissing plaintiff, their argument must be tested against the understanding of the average reader (Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 382; November v Time, Inc., 13 NY2d 175, 178-179, supra).
Unlike the statements at issue in James v Gannett Co. (40 NY2d 415), the statement that plaintiff was terminated “for cause” is not clearly susceptible to only one interpretation. The rule is that if the words taken in their natural and ordinary meaning are susceptible to a defamatory connotation, then it is for the jury to decide how it would be understood by the average reader (id., at p 419; 2 NY PJI 708). It cannot be said as a matter of law that the average reader of the statement that plaintiff was discharged “for cause” would not interpret it as meaning that plaintiff had actually been derelict in his professional duties. Accordingly, plaintiff is entitled to a jury determination of the issue (see, PJI 3:25 and comment).
Chief Judge Wachtler and Judges Jasen, "Meyer, Simons, Kaye and Alexander concur.
*773 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, with costs to appellant, in accordance with the memorandum herein and, as so modified, affirmed. Question certified answered in the affirmative.