SECOND DEPARTMENT, APRIL, 1985

(April 1, 1985)

GAYLE H. ARONSON, Respondent, v RONALD J. WIERSMA, Appellant.

The record conclusively establishes that plaintiff does not possess a cause of action (*Fields v Leeponis,* 95 AD2d 822). Plaintiff characterizes her profession or business as that of a writer and researcher. A fair interpretation of the allegedly defamatory material indicates that plaintiff was not accused of a general lack of character (*Mason v Sullivan,* 26 AD2d 115), or of a general incompetence or incapacity to perform the duties of her profession (*McCullough v Certain Teed Prods. Corp.,* 70 AD2d 771). Rather, the allegedly defamatory material does no more than express unhappiness with plaintiff's performance as a legislative assistant. This is not equatable with an accusation that plaintiff is incompetent or incapable in her calling (*Amelkin v Commercial Trading Co.,* 23 AD2d 830, *affd* 17 NY2d 500; *Tufano v Schwartz,* 95 AD2d 852). At most, the allegedly defamatory material indicates that plaintiff merely performed one of her roles, that of a legislative assistant, inadequately (*November v Time, Inc.,* 13 NY2d 175). Accordingly, the allegedly defamatory statements were not libelous per se. The complaint fails to allege special damages, and in light of the fact that plaintiff held her position of employment at the will of her employer and could be dismissed without cause, special damages could not be established. Accordingly, the motion to dismiss the complaint must be granted. Thompson, J. P., Brown and Rubin, JJ., concur.

Bracken, J., dissents and votes to affirm the order appealed from, with the following memorandum. I believe that plaintiff has asserted at least one cause of action which is legally sufficient. Accordingly, I vote to affirm the order denying defendant's motion to dismiss the complaint for failure to state a cause of action.

Where, as in this case, a party moves to dismiss pursuant to CPLR 3211 (a) (7), the dispositive issue is whether plaintiff has actually stated a cause of action, affidavits are received for a limited purpose only, i.e., to remedy defects in the complaint, and affidavits submitted by a defendant "will seldom if ever warrant the relief [defendant] seeks unless too the affidavits establish conclusively that plaintiff has no cause of action" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 636; *Fields v Leeponis*, 95 AD2d 822). The instant complaint, as supplemented by plaintiff's affidavit submitted in opposition to the motion, establishes a cause of action sounding in defamation (*see, Carney v Memorial Hosp. & Nursing Home.*, 64 NY2d 770; *Clark v McGee*, 49 NY2d 613; *November v Time, Inc.*, 13 NY2d 175; *McCullough v Certain Teed Prods. Corp.*, 70 AD2d 771). To the extent that defendant raises defenses in response to plaintiff's allegations, such arguments should not be considered on a motion to dismiss under CPLR 3211 (a) (7) for failure to state a cause of action (*see, Carney v Memorial Hosp. & Nursing Home, supra*).

Finally, because defendant's motion to dismiss is addressed to the complaint considered as a whole, the validity of any single cause of action will suffice as a ground for denial of the motion (*see, De Maria v Josephs*, 41 AD2d 655). While it may well be that plaintiff, based upon her complaint and affidavit, would not be able to withstand a motion for summary judgment pursuant to CPLR 3212, the probability of such a determination is not controlling in this case (*see, Rovello v Orofino Realty Co., supra*, p 635). Accordingly, the order denying defendant's motion should be affirmed.