■ DAVID HALPERIN et al., Respondents, v HARRY SALVAN, Appellant, et al., Defendants.—Order, Supreme Court, New York County (McCooe, J.), entered July 30, 1984, which denied defendant Harry Salvan's motion to dismiss the complaint, affirmed, without costs; order of the same court (Wallach, J.), entered November 23, 1984, which denied Salvan's motion to dismiss the amended complaint, affirmed, without costs; and, order of the same court (Shainswit, J.), entered December 19, 1984, which denied Salvan's cross motion to dismiss the amended complaint for failure to state a cause of action, affirmed, without costs.

Plaintiffs-respondents David Halperin and David Halperin, P.C. (Halperin), an attorney and his professional corporation, represented ESIC Capital, Inc. (ESIC), a small business investment corporation licensed under the Small Business Administration Act, in a $225,000 loan transaction with Parachute Designs, Ltd. (Parachute). Stanley Rosner and Spencer Kent, the principals of Parachute, together with their wives, guaranteed the loan. The guarantees were secured by mortgages on one-family homes and real property owned by the guarantors. As part of the loan arrangement Parachute entered into a consulting agreement with ESIC Advisory & Consulting Service, Ltd. (ESIC Advisory) for a fee of $1,600 per month for the entire six-year term of the loan. ESIC subsequently resolved a dispute which developed with defendants concerning the value of the consulting services by crediting Parachute's account for the full amount paid as advisory fees. In April 1981, Parachute defaulted on the loan, and ESIC instituted a foreclosure action in Supreme Court, Nassau County.

Thereafter defendants Rosners and Kents, by their attorney, defendant-appellant Salvan, commenced a class action in Supreme Court, Nassau County, on behalf of "all other persons * * * who are aggrieved, hurt and have lost their savings, property, their homes and their marriages" as a result of doing business with ESIC. Halperin and his professional corporation were 2 of 14 named defendants in the purported class action. The complaint in the Rosner class action alleged, *inter alia,* that the various defendants conspired to commit fraud and usury by placing second mortgages on one-family homes under the guise of a loan guarantee, and extracting additional interest under the guise of a so-called advisory fee. The complaint also alleges that ESIC compelled Parachute and the guarantors to purchase its bonds, forced Parachute and the guarantors into financial ruin, and injured an indeterminate number of people by disrupting their marriages and causing the loss of their homes. The Rosners sought unspecified compensatory damages and $5,000,000 in punitive damages.

The Rosners have not vigorously pursued that action since its inception in 1982. The complaint and a later amended complaint were filed and served on Halperin and some of the named co-defendants. There has never been a motion for an order certifying the class, and there has been no discovery.

In 1984 Halperin commenced the present action for libel and intentional infliction of emotional distress against Salvan and the named plaintiffs in the Rosner class action, and for prima facie tort against Salvan alone. The complaint is based

upon the pleadings and affidavits prepared by Salvan and adopted by the Rosners in their purported class action. The complaint was amended and issue was joined by service of defendants' answer in August 1984.

In these consolidated appeals appellant Salvan contests three orders at Special Term, each of which denied a separate motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7). By order entered July 30, 1984, Special Term (McCooe, J.) denied Salvan's initial motion holding, *inter alia*, that the complaint sufficiently alleged a cause of action for libel under CPLR 3016 (a). Salvan next moved to dismiss the amended complaint based upon the privilege for reporting judicial proceedings under Civil Rights Law § 74. By order entered November 23, 1984, Special Term (Wallach, J.), held that section 74 was inapplicable since the amended complaint did not allege a media report or publication of a judicial proceeding. Salvan cross-moved for dismissal of the amended complaint as insufficient in response to a motion for an order directing entry of a default judgment against Rosner for failure to appear. By order entered December 19, 1984, Special Term (Shainswit, J.), *inter alia*, denied the cross motion on the ground that prior motions for the same relief had been denied, and another such motion was pending before Justice Wallach.

The limited issues presented on this appeal are whether the amended complaint is sufficient to state a cause of action and whether there is any privilege which requires dismissal as a matter of law. We affirm the three challenged orders for the reasons discussed below.

On a motion to dismiss for insufficiency the allegations contained in the pleadings will be deemed to be true, and the pleader is given every favorable inference that may be drawn from the pleading. *(Cohn v Lionel Corp.,* 21 NY2d 559, 562 [1968].) The instant amended complaint sufficiently states a cause of action for libel since it alleges the specific statements made by defendants, publication (i.e., filing with the court and service upon codefendants who were also Halperin's clients), and that the statements were made with malice so as to injure Halperin in his profession. Indeed, the statements, which charge the commission of crimes, are libelous per se. *(See, Jordan v Lewis,* 20 AD2d 773 [1st Dept 1964].)

The amended complaint is also sufficient to state a cause of action against Salvan for prima facie tort. It alleges that Salvan commenced a baseless lawsuit, an otherwise lawful act,

to inflict intentional, apparent, and foreseeable harm, without excuse or justification, solely to injure plaintiff in his profession. *(See, ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458 [1977]; *compare, Drago v Buonagurio,* 46 NY2d 778 [1978].) The allegation of malicious intent is arguably substantiated by the inflammatory language describing the purported class in the caption of the complaint and the Rosners' failure to move for an order certifying the class.

Further, the allegations in the amended complaint that extreme emotional distress was intended, and was the result of intentional conduct of an outrageous nature, suffice to state a cause of action for intentional infliction of emotional distress. Paragraph 41 of the amended complaint asserts "[t]he acts of defendants were designed intentionally and solely to malign and harass plaintiff, to shock him into extreme emotional distress, and to thereby exact from him a financial settlement." Paragraph 42 alleges: "[t]he acts of defendants are outrageous, unwarranted and unjustified in that defendants know the class denominated * * * cannot be certified". The issue of whether defendants' conduct in commencing their purported class action was outrageous should await determination at trial. We respectfully disagree with our dissenting colleague that (1) plaintiff's failure to plead special damages is fatal, and (2) plaintiff is unable to establish special damages as a matter of law. "Freedom from mental disturbance is a protected interest in this State and there may be recovery for the intentional infliction of emotional distress without proof of the breach of any duty other than the duty to refrain from inflicting it *(Halio v Lurie,* 15 AD2d 62). A complaint which purports to state a cause of action for intentional infliction of emotional distress need not plead special damages" *(James v Saltsman,* 99 AD2d 797, 798 [2d Dept 1984]; *see also, Zausner v Fotochrome, Inc.,* 18 AD2d 649 [1st Dept 1962]). Plaintiff alleges loss of income, and may be able to prove it and special damages at trial. *Aronson v Wiersma* (110 AD2d 610 [2d Dept 1985]) is not to the contrary. Plaintiff there was unable to prove special damages as a matter of law in her action for defamation.

Salvan contends that the complaint must be dismissed because Civil Rights Law § 74 prevents the maintenance of this action. This contention is without merit. The privilege afforded to "publication of a fair and true report of any judicial proceeding" by section 74 is patently inapplicable. The present case involves alleged defamation by pleadings and affidavits in the Rosner class action, rather than by news

media reporting. *(See, Williams v Williams,* 23 NY2d 592, 596-597 [1969].)

We cannot agree with our dissenting colleague's conclusion that the defamatory statements at issue are protected by the common-law privilege afforded to words spoken and written in the course of judicial proceedings. This privilege is lost if abused, and is limited to statements which are pertinent to the subject matter of the lawsuit, made in good faith and without malice. *(Moore v Manufacturers Natl. Bank,* 123 NY 420, 426 [1890].)* In *Youmans v Smith* (153 NY 214, 220 [1897]), the court explained the relevant guidelines in determining whether the privilege has been lost: "If counsel through an excess of zeal to serve their clients, or in order to gratify their own vindictive feelings, go beyond the bounds of reason and by main force bring into a lawsuit matters so obviously impertinent as not to admit of discussion, and so needlessly defamatory as to warrant the inference of express malice, they lose their privilege and must take the consequences. In other words, *if the privilege is abused, protection is withdrawn."* (Emphasis added.)

The dissent recognizes that the complaint must be construed in the light most favorable to the plaintiff on these motions, but does not apply the guidelines enunciated in *Youmans (supra)* to the present case. In an analogous case involving a commercial relationship, where the offending statement included in the counterclaim charged the commission of fraud on numerous others *(Wiser v Koval,* 50 AD2d 523, 524 [1st Dept 1975], *appeal dismissed* 38 NY2d 873 [1975], *lv dismissed* 39 NY2d 922 [1976]), this court held that the existence of a privilege at common law for the alleged defamation should be decided upon a trial. Applying the guidelines delineated in *Youmans* to the instant case, we find that triable issues of fact are raised as to the existence of the common-law privilege. Concur—Sullivan, Ross, Carro and Rosenberger, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would grant the cross motion of the defendant-appellant to dismiss the amended complaint for failure to state a cause of action.

The plaintiffs are an attorney and his professional corporation. The defendant-appellant is an attorney for several people who are guarantors in a loan transaction where money was borrowed from a small business investment company, ESIC Capital, Inc.

The defendant-appellant commenced a class action, which

several years later has still not been consummated, that contained derogatory allegations against the plaintiffs as being principals in ESIC and substantially alleging that they took advantage of their situation and of the parties with whom they dealt. Understandably, the plaintiffs were perturbed by this and commenced a defamation action against the guarantors and their counsel. The counsel is the defendant-appellant.

While absolute immunity attaches in judicial proceedings *(Toker v Pollak,* 44 NY2d 211, 219), it is the contention of the plaintiffs that the counsel for the defendants acted maliciously in commencing the class action and exceeded the proper bounds in his allegations and that, therefore, the immunity should fall. *(See, Clark v McGee,* 49 NY2d 613, 618.)

For the purpose of the motion it can be conceded that the conduct may have been reprehensible and the motivation malicious; nonetheless, it was solely within the realm of the judicial proceeding and relevant to it. *(See, ATI, Inc. v Ruder & Finn,* 42 NY2d 454; *Seltzer v Fields,* 20 AD2d 60 [Breitel, J.], *affd without opn* 14 NY2d 624; *Relevancy of Matter Contained in Pleading as Affecting Privilege Within Law of Libel,* Ann., 38 ALR3d 272, 279.)

While the plaintiffs allege loss of income, there has been no pleading of special damages, and the plaintiffs cannot establish special damages as a matter of law. *(Aronson v Wiersma,* 65 NY2d 592.)

This case is similar to that of the physician wrongfully accused in a complaint for malpractice, who sues the malpractice plaintiff and counsel for an intentional wrong. *(Drago v Buonagurio,* 46 NY2d 778.)

Under the circumstances, there is no cause of action.