■ AMERICAN RELIANCE INSURANCE COMPANY, Formerly

Known as FARMERS' RELIANCE INSURANCE COMPANY OF NEW JERSEY, Appellant, v NATIONAL GENERAL INSURANCE COMPANY et al., Respondents.—In an action to recover damages for breach of an insurance policy, the plaintiff appeals from an order of the Supreme Court, Queens County (Bambrick, J.), entered January 2, 1986, which granted the defendants' motion to dismiss the plaintiff's claims for punitive damages and attorney's fees.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff's claims for punitive damages and attorneys' fees were properly dismissed. " '[I]t has been consistently held that plaintiffs may not recover [punitive] damages without submitting factual allegations that [a] defendant, in its dealings with the general public, engaged in a fraudulent scheme which demonstrates "such wanton dishonesty as to imply a criminal indifference to civil obligations" ' " *(Korona v State Wide Ins. Co.* 122 AD2d 120, 121; *Fleming v Allstate Ins. Co.,* 106 AD2d 426, *affd* 66 NY2d 838, *cert denied* — US —, 106 S Ct 1493, quoting from *Walker v Sheldon,* 10 NY2d 401, 405). Here the plaintiff has submitted no factual allegations to support its conclusions concerning the defendant National General Insurance Company's conduct. In addition, it is well settled that attorneys' fees may not be awarded in the absence of a statute expressly authorizing their recovery, or an agreement or stipulation to that effect by the parties *(see, Donn v Sowers,* 103 AD2d 734), and the instant suit does not fall within the narrow exception to the general rule set out in *Mighty Midgets v Centennial Ins. Co.* (47 NY2d 12). Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.