■ MAR-JON MACHINE & TOOL CO., INC., Appellant, v EASTMAN KODAK COMPANY, Respondent.—Order unanimously modified on the law and as modified, affirmed without costs, in accordance with the following memorandum: We affirm that portion of the order which granted partial summary judgment dismissing the first cause of action. The alleged oral agreement upon which the first cause of action was based was indefinite as to both quantity and price *(see, Chiapparelli v Baker, Kellogg & Co.,* 252 NY 192, 200-201; 21 NY Jur 2d, Contracts, §§ 23, 24). In essence, the agreement constituted no more than an expression of the future hopes and intentions of the parties, not a presently binding and enforceable agreement.

That portion of the seventh cause of action which is predicated upon the validity of the agreement alleged in the first cause of action also was properly dismissed. However, Special Term should not have dismissed the seventh cause of action in its entirety. That cause of action contains additional allegations that defendant's purchasing agent falsely told fellow purchasing agents at Kodak and third parties that plaintiff

was undependable and not trustworthy, and an affidavit submitted in opposition to defendant's summary judgment motion set forth the basis for the affiant's information. Viewing the allegation in a light most favorable to plaintiff *(see, Robinson v Strong Mem. Hosp.,* 98 AD2d 976), factual issues exist which preclude an award of summary judgment on the claim that the statements by defendant's purchasing agent disparaged plaintiff in the conduct of its business and trade *(see, Carney v Memorial Hosp. & Nursing Home,* 64 NY2d 770; *GTP Leisure Prods. v B-W Footwear Co.,* 55 AD2d 1009; PJI 3:25). The affidavit of plaintiff's president indicated that the statements were made to fellow Kodak employees, but plaintiff submitted no evidence that statements were made to third persons. Accordingly, we modify the order to deny summary judgment with respect to that part of the seventh cause of action which asserts that defendant's purchasing agent made slanderous statements to fellow employees, thereby causing plaintiff to lose future work from Kodak and forcing plaintiff out of business. (Appeal from order of Supreme Court, Orleans County, Miles, J.—dismiss defense; partial summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.