■ RICHARD HERMANN, Respondent-Appellant, v PAUL BAHRAMI, Appellant-Respondent. [654 NYS2d 158] —In an action, *inter alia,* to recover damages for breach of contract, (1) the defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered September 28, 1995, as (a) denied his cross motion to dismiss the plaintiff's first, second, and fourth causes of action, and (b) granted that branch of the plaintiff's motion which was to confirm an arbitration award against the nonparty corporation Originit Fabrics, Inc., *inter alia,* granting the plaintiff back pay, and (2) the plaintiff cross-appeals, as limited by his notice of appeal and brief, from so much of the same order as (a) granted that branch of the defendant's cross motion which was to dismiss his sixth cause of action, and (b) denied that branch of his motion which was to amend his complaint to add a seventh cause of action to recover attorneys' fees.

Ordered that the appeal from so much of the order as confirms an arbitration award against a nonparty to this action is dismissed, without costs or disbursements, as the defendant is not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiff's motion to amend the complaint so as to add a cause of action to recover attorneys' fees, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court correctly determined that the plaintiff is not collaterally estopped from bringing an action sounding in tort against the defendant in his individual capacity because of a previous arbitration award in favor of the plaintiff against a corporation of which both the plaintiff and the defendant were principals. In his present complaint, the plaintiff alleges that the defendant committed tortious or predatory acts independent of any action by the corporation. These allegations are sufficient to withstand the defendant's motion to dismiss (*see, Murtha v Yonkers Child Care Assn.,* 45 NY2d 913). However, the court erred in failing to allow the plaintiff to amend the complaint to include a cause of action to recover attorneys' fees under a well-recognized exception to the general rule which applies where the plaintiff claims that as a result of the alleged individual tortious acts of the defendant, he incurred attorneys' fees in earlier litigation with a third-party (*see, Shindler v Lamb,* 25 Misc 2d 810, *affd* 10 AD2d 826, *affd* 9 NY2d 621; *Donn v Sowers,* 103 AD2d 734).

The parties' remaining claims are either not properly before this Court or without merit. O'Brien, J. P., Joy, Friedmann and Florio, JJ., concur.