■ AZEVEDO & BOYLE CONTRACTING, INC., Appellant, v J. GREANEY CONSTRUCTION CORP. et al., Defendants, and RELIANCE INSURANCE COMPANY OF NEW YORK, Respondent. [728 NYS2d 743] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (LaTorella, J.), dated October 1, 1999, which denied its motion for summary judgment against the defendant Reliance Insurance Company of New York.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the action against the remaining defendants is severed.

This appeal arises out of a dispute between the plaintiff, Azevedo & Boyle Contracting, Inc. (hereinafter Azevedo), a subcontractor on a school renovation project, and the defendant Reliance Insurance Company of New York (hereinafter

Reliance), the payment bond surety for the defendant J. Greaney Construction Corp. (hereinafter Greaney), the general contractor. In August 1992 Azevedo commenced an action against Reliance and Greaney in Supreme Court, Queens County, seeking payment for asbestos removal work it performed. Azevedo commenced a separate action against Reliance in Supreme Court, Nassau County, the following year. In September 1993 the two actions were consolidated and the parties were directed to arbitrate the dispute.

In January 1994 Greaney filed for bankruptcy protection. Two months later, Azevedo filed a proof of claim against Greaney in the bankruptcy court. In June 1994 the bankruptcy court granted Azevedo's motion to lift an automatic stay and remit the arbitration proceeding and the state actions to their original forums. The arbitration was then completed and the arbitrator rendered an award in Azevedo's favor against Greaney. Azevedo moved for summary judgment against Reliance based on the collateral estoppel effect of the arbitration award, but the Supreme Court denied the motion, on the ground that Azevedo had chosen to litigate the claim in bankruptcy court. We reverse.

It is well settled that the doctrine of collateral estoppel is applicable to issues resolved in an earlier arbitration proceeding (*see, Matter of Ranni [Ross]*, 58 NY2d 715, 717; *QDR Consultants & Dev. Corp. v Colonia Ins. Co.*, 251 AD2d 641). As the surety, Reliance stands in the shoes of its principal, Greaney (*see, QDR Consultants & Dev. Corp., supra*, at 643). Accordingly, Azevedo is entitled to summary judgment against Reliance based upon the arbitration award issued against Greaney.

The Supreme Court's determination that Azevedo elected to pursue its claim in the bankruptcy court is erroneous. The record indicates that Azevedo attempted to resolve its claims against Reliance and Greaney through arbitration and by commencing two state court actions. Although Azevedo filed a proof of claim against Greaney in the bankruptcy court when Greaney filed for bankruptcy, shortly thereafter Azevedo moved to remit the arbitration proceeding and state actions to their original forums. That motion was granted and the arbitration was completed. It was Greaney who brought the matter back to the bankruptcy court by filing a notice of objection to the plaintiff's proof of claim based upon the collateral estoppel effect of the arbitration award.

Finally, while the Supreme Court determined that Azevedo's claims were within the jurisdiction of the bankruptcy court, we

note that the Federal District Court recently determined that the bankruptcy court "was divested of jurisdiction" over the matter since it did not retain jurisdiction when it remitted the action back to the Supreme Court, Queens County (*Reliance Ins. Co. v Azevedo & Boyle Contr.*, No. CV-1566 ED NY June 19, 2001). Altman, J. P., Goldstein, H. Miller and Smith, JJ., concur.