(May 28, 2002)

■ A & M BUILDING & CONDO MAINTENANCE, INC., Respondent-Appellant, v ATLAS ELECTRIC OF STATEN ISLAND, INC., et al., Defendants, and CANFIELD, VENUSTI, MADDEN &

Rossi, LLP, et al., Appellants-Respondents. [743 NYS2d 133] —In an action to recover damages for the wrongful discharge of a lien, the defendants Canfield, Venusti, Madden & Rossi, LLP, and John P. Ruggiero appeal from so much of an order of the Supreme Court, Richmond County (Rosenberg, J.), dated March 21, 2001, as denied that branch of their motion pursuant to CPLR 3211 (a) (7) which was to dismiss the plaintiff's third cause of action alleging prima facie tort, and the plaintiff cross-appeals from so much of the same order as granted those branches of the motion which were to dismiss the plaintiff's second, fourth, and fifth causes of action, alleging, inter alia, fraud and collusion.

Ordered that the order is modified by (1) deleting the provision thereof granting that branch of the motion which was to dismiss the plaintiff's second cause of action, and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying that branch of the motion which was to dismiss the plaintiff's third cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant Atlas Electric of Staten Island, Inc. (hereinafter Atlas), obtained a contract for a project with the defendant New York City Department of Design and Construction (hereinafter the City). The plaintiff subsequently obtained a mechanic's lien against Atlas for work it performed for Atlas under a subcontract. Atlas obtained a discharge bond. As a result, the Supreme Court, New York County, entered an order dated August 21, 1998, discharging the lien. However, in conjunction with that order, the Supreme Court, New York County, executed a conditional order, also dated August 21, 1998. This order required Atlas to comply with certain conditions before the lien could be discharged. Atlas submitted the discharge order to the City and the lien was discharged. However, there is no evidence that Atlas had complied with the terms of the conditional order. The lien was subsequently reinstated. However, the funds had already been released.

The plaintiff's second cause of action alleged that the defendants Canfield, Venusti, Madden & Rossi, LLP, and John P. Ruggiero (hereinafter the defendants), the attorneys for Atlas, had a duty not to assist their client in conduct which they knew was illegal or fraudulent. The plaintiff further alleged that they had breached this duty by submitting to the City the discharge order without indicating that it was conditional, without satisfying the condition, and without

submitting the conditional order to the City. The complaint alleges that such wrongful acts were committed to harass and/or maliciously injure the plaintiff. Thus, a cause of action that the defendants had committed fraud, collusion, or a malicious or tortious act for which they could be held liable to nonclients was adequately pleaded (*see Mayes v UVI Holdings,* 280 AD2d 153; *Nineteen N.Y. Props. Ltd. Partnership v Kim,* 251 AD2d 104).

However, the plaintiff's third cause of action, alleging prima facie tort, must be dismissed because the plaintiff failed to allege that the defendants' actions were committed with the sole motivation to injure it (*see Curiano v Suozzi,* 63 NY2d 113; *Goettler v Peters,* 225 AD2d 660; *Bread Chalet v Royal Ins. Co.,* 224 AD2d 650). As a pleading alleging injurious falsehood, this cause of action also fails because there was no disparagement of the plaintiff in what the defendants told the City.

The plaintiff's remaining contentions are without merit. O'Brien, J.P., Friedmann, H. Miller and Crane, JJ., concur.