*220 OPINION OF THE COURT
Peter J. Kelly, J.
This action has its origin in a dispute that arose between the present plaintiff New York Cooling Towers, Inc. and nonparty Continental Owners Corp. Cooling Towers and Continental entered into a contract for the replacement of all the convector units within the 656 individual apartments in the cooperative apartment building owned by Continental.
During the installation of the convector units it became apparent that some of the units were not functioning as required and numerous apartments, particularly ones on the upper floors of the building, were not being sufficiently cooled. The parties vigorously disputed the cause of the malfunction. Continental asserted that many of the units installed at the recommendation of Cooling Towers were inappropriate and that Cooling Towers did not install a proper balancing valve system. Cooling Towers asserted that the units were selected by Continental after consultation with its building management company and the project architect. Cooling Towers claimed that the convector units were “perfectly fit for their intended use” and that balancing valves were not part of the original contract.
Based upon what it perceived was a breach of the contract, Continental terminated the contract in a letter, dated December 26, 2002, sent by its then counsel to Cooling Towers. Cooling Towers responded in a letter dated January 29, 2003 and demanded arbitration of the dispute in accordance with the terms of the contract.
In a decision dated December 14, 2004, a panel of three arbitrators determined that, while Cooling Towers failed to remedy the problem with the units “in a timely and appropriate manner,” Continental cancelled the contract for cause without first giving the required notice and without obtaining a certification from the architect designated in the contract. As a result, the panel awarded Cooling Towers $145,640 for work it completed at the premises and awarded Continental $47,700 for the installation of a valve system and balancing of the system. The net outcome of the arbitration was an award to Cooling Towers of $97,940.
Cooling Towers commenced this action against the defendants, Continental’s attorney and his law firm, to recover for counsel fees incurred as a result of Continental cancelling the contract. The plaintiff asserts that the defendants fraudulently claimed *221 during the litigation that they possessed an architect’s certification entitling the defendants to cancel the contract for cause, that the defendants colluded with their client in bad faith to drive the plaintiff out of business, counseled their client that they could cancel the contract for cause solely to generate legal fees for themselves and failed to use reasonable care prior to recommending their client cancel the contract.
The defendants’ argument that this action is barred by the principle of collateral estoppel is without merit. Although an arbitration decision can have preclusive effect on a subsequent judicial proceeding (see, Matter of Ranni [Ross], 58 NY2d 715, 717 [1982]; Azevedo & Boyle Contr. v Greaney Constr. Corp., 285 AD2d 571, 572 [2001]), the arbitration may only act as a bar “when it is clear that the issue was actually litigated, squarely addressed, and specifically decided” (Matter of Atlantic Mut. Ins. Co. v Lauria, 291 AD2d 492, 493 [2002]).
Here, there was undisputably no award of counsel fees made by the arbitrators and no indication in their decision that the issue was even addressed by the parties. Indeed, pursuant to the rules of the American Arbitration Association, which the parties agreed in their contract to abide by, attorney’s fees could only be awarded if “all parties have requested such an award or it is authorized by law or in their arbitration agreement” (Construction Industry Arbitration Rules and Mediation Procedures rule 44 [d]). Customarily, New York law does not authorize counsel fees to a prevailing party in a breach of contract proceeding (see, Hooper Assoc. v AGS Computers, 74 NY2d 487 [1989]; Farmingdale Realty Trust v Real Props. MLP Ltd. Partnership, 225 AD2d 656 [1996]), the parties’ arbitration agreement is silent on the issue (see, CPLR 7513) and it is plain from the parties’ submissions that the parties never agreed to submit the issue of counsel fees to the arbitration panel (see, Matter of Stewart Tabori & Chang [Stewart], 282 AD2d 385 [2001]). Moreover, where, as here, the claim for counsel fees is premised upon the claimed independent tortious acts of the defendants, collateral estoppel is not a bar to its cause of action (see, Hermann v Bahrami, 236 AD2d 516 [1997]).
The defendants’ assertion that the plaintiffs action is barred by arbitration and award pursuant to CPLR 3211 (a) (5) is without merit as there was no “award” either granting or denying a claim for counsel fees (see, Central Water Heater & Sales Corp. v Adler, 128 AD2d 665 [1987]).
The defendants’ claim that the plaintiffs complaint fails to state a cause of action is also without merit. Generally, “in the *222 absence of a statute expressly authorizing him to do so, or unless the parties have otherwise agreed or stipulated, a civil litigant may [not] sue his adversary to recover fees paid to his attorney for legal services” (Rahabi v Morrison, 81 AD2d 434, 437 [1981]; see also, Donn v Sowers, 103 AD2d 734, 735 [1984]). However, this exclusion is subject to the well-recognized exception which permits a cause of action where “through the wrongful act of his present adversary, a person is involved in earlier litigation with a third person in bringing or defending an action to protect his interests, he is entitled to recover the reasonable value of attorneys’ fees and other expenses thereby suffered or incurred” (Shindler v Lamb, 25 Misc 2d 810, 812 [1959], affd 10 AD2d 826 [1960], affd 9 NY2d 621 [1961]; see also, Hermann v Bahrami, supra at 516; Donn v Sowers, supra).
Likewise, although claims of professional malpractice against an attorney usually are barred against those not in privity (see, Good Old Days Tavern v Zwirn, 259 AD2d 300 [1999]), attorneys are still liable to nonclients for acts of “fraud, collusion, malicious acts or other special circumstances” (Viscardi v Lerner, 125 AD2d 662, 663-664 [1986]; Tender Care v Selin, 90 AD2d 547, 548 [1982]; see also, Judiciary Law § 487). Even claims of tortious interference with contractual relations based upon an attorney wrongfully inducing a client to breach a contract, which are barred when the attorney was acting within the scope of his or her authority, are subject to an exclusion where the attorney’s “acts were motivated by self-interest” (Pancake v Franzoni, 149 AD2d 575, 576 [1989]; see also, Lloyd I. Isler, P.C. v Sutter, 160 AD2d 609, 610 [1990]).
Contrary to the defendants’ assertions, the plaintiff’s complaint states facts with sufficient particularity (see, CPLR 3016 [b]) to fall within the aforementioned exceptions (see, A & M Bldg. & Condo Maintenance v Atlas Elec, of Staten Is., 294 AD2d 520 [2002]; Stern v Consumer Equities Assoc., 160 AD2d 993 [1990]).
A motion to dismiss pursuant to CPLR 3211 (a) (1) may only be granted where the “documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law” (see, Held v Kaufman, 91 NY2d 425, 430-431 [1998]; Jaslow v Pep Boys — Manny, Moe & Jack, 279 AD2d 611 [2001]; Brunot v Eisenberger & Co., 266 AD2d 421 [1999]). In the case at bar, the documentary evidence fails to establish, as a matter of law, a defense to the plaintiff’s claims of tortious malfeasance allegedly perpetrated by the defendants.
*223 The defendants’ claim that the plaintiffs causes of action for counsel fees are barred by the splitting doctrine is incorrect as the plaintiff could not have asserted its claim for attorney’s fees against the defendants in the arbitration proceeding between Cooling Towers and Continental since the parties here did not have an agreement to arbitrate their differences (see, Mionis v Bank Julius Baer & Co., 301 AD2d 104, 109 [2002]). Additionally, a claim for counsel fees against Continental was not and could not be made in the arbitration for the reasons stated supra in the court’s discussion of the defendants’ collateral estoppel argument.
The defendants’ contention that the plaintiffs entire action is barred since the statements and pleadings of Continental and its counsel are immunized under the principle that statements made during the course of litigation are nonactionable is without merit. All the cases cited for authority by the defendants involve claims for defamation based upon statements or views expressed during a prior litigation. The plaintiffs claims here concern, inter alia, alleged acts of fraud, collusion, and malfeasance perpetrated for self-serving purposes that resulted in legal fees to the plaintiff. These are, as the court has held supra, legally cognizable causes of action and the defendants cite no authority to establish that oral and written statements proffered to support these claims, as opposed to cases involving defamation, are immunized. Indeed, the court’s research indicates that the principle relied upon by the defendants is limited strictly as a defense in defamation actions (see, Toker v Poliak, 44 NY2d 211, 218 [1978]; Matter of Dunn v Ladenburg Thalmann & Co., 259 AD2d 544 [1999]; Baratía v Hubbard, 136 AD2d 467 [1988]) and, under certain circumstances, the privilege may be lost if it is determined it has been “abused” (see, Halperin v Salvan, 117 AD2d 544, 548 [1986]; Youmans v Smith, 153 NY 214, 220 [1897]).
Accordingly, the branches of the defendants’ motion to dismiss the complaint pursuant to CPLR 3211 (a) are denied.
The branch of the defendants’ motion and the plaintiffs cross motion for sanctions are denied as wholly meritless.