■ In the Matter of JOHN A. MCEWAN, Appellant, v NEW

York City Employees' Retirement System et al., Respondents.—Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered on or about October 3, 1988, which dismissed the petition for failure to state a cause of action, unanimously affirmed, without costs.

Petitioner, a branch manager for the New York City Off-Track Betting Corporation, injured his lower back in 1984, after falling from a stool at work. He subsequently applied for accidental disability retirement, which was denied by the Board of Trustees on four occasions, the last being August 1, 1987.

By letter dated August 11, 1987, petitioner's collective bargaining representative requested that the Medical Board's decision to deny his application, upon which the Board of Trustees' determination was based, be reviewed by a special medical committee designated by the Commissioner of Health. As required for such review by Administrative Code of the City of New York § 13-169 (b) (2) (i), petitioner waived any right to further administrative or judicial review of the Board of Trustees' determination.

After petitioner was examined by its three members, the special medical committee concluded that he was disabled, but that his disability was not the result of a job-related accident. Thereafter, petitioner applied for and was retired for ordinary disability.

Petitioner states that the findings of the special medical committee were never reviewed by the Board of Trustees, thus depriving him of his right to have a hearing before such Board. Therefore, he contends that, despite his waiver, he has the right to bring this proceeding to review that irregularity.

While there is nothing in the record to indicate that the Board of Trustees adopted or rejected the special medical committee's determination, petitioner's waiver is, nevertheless, effective. Upon the Board of Trustees' denial of his fourth application for accidental disability retirement on August 1, 1987, petitioner had a choice of accepting such determination, commencing a CPLR article 78 proceeding, or requesting review of the conclusions and recommendations of the Medical Board by a special medical committee, as provided by Administrative Code § 13-169 (b) (1). This latter choice is, in effect, a form of binding arbitration, which is void and of no effect unless it includes the aforementioned waiver.

It is well established that when a waiver is freely and knowingly made and not the product of coercion or duress, a

party can waive his rights to seek review of an administrative proceeding and such determination is binding. *(See, Matter of Abramovich v Board of Educ.,* 46 NY2d 450, 455; *Matter of Tropea v New York City Employees Retirement Sys.,* 49 AD2d 819, 820.)

Here, there is no claim of coercion and the waiver, which petitioner admits signing, is unambiguous in its terms. Concur —Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.