589 So.2d 454 (1991)
Lawrence ZUCKER, etc., et al., Appellants,
v.
SEARS ROEBUCK AND COMPANY, Appellee.
No. 90-2522.
District Court of Appeal of Florida, Fifth District.
November 21, 1991.
Charles E. Ray, Port St. Lucie, for appellants.
Steven J. Gutter of Kahn & Gutter, Fort Lauderdale, for appellee.
GOSHORN, Chief Judge.
Lawrence Zucker, as trustee of the assets of Preferred Associates, Inc., a dissolved Florida corporation, appeals the final judgment entered in favor of Sears Roebuck and Company in Sears' worthless check action against Preferred. In addition to the face amount of the check, Sears was awarded treble damages pursuant to section 68.065(1), Florida Statutes (1989)[1] and prejudgment interest. Prejudgment interest was calculated on both the face amount of the check and the treble damages. After careful review of the record, we affirm the judgment except for the *455 award of prejudgment interest related to the statutory treble damages.
Sears argues that prejudgment interest on the statutory treble damage award is proper, relying on section 68.065(2), Florida Statutes (1989) which provides, "In the event that a judgment or decree is entered, interest ... may be added toward the total amount due." We reject Sears' interpretation of the statute because it would result in prejudgment interest being awarded on a statutory penalty. Prejudgment interest is not ordered as a penalty but rather as restitution to compensate a plaintiff for the loss of use of its money over the period of time that a plaintiff is wrongfully deprived of the use of that money. Stated differently, prejudgment interest is ordered as restitution, not retribution. Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Accordingly the award of prejudgment interest insofar as it relates to the treble damage award is reversed with instructions to recompute the interest in accordance with this opinion.
AFFIRMED in part; REVERSED in part; REMANDED with instructions.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] Section 68.065(1) provides in relevant part:

(1) In any civil action brought for the purpose of collecting a check, draft, or order of payment, the payment of which was refused by the drawee because of the lack of funds, credit, or an account, and where the maker or drawer fails to pay the amount owing, in cash, to the payee within 30 days following a written demand therefor, as provided in subsection (3), the maker or drawer shall be liable to the payee, in addition to the amount owing upon such check, draft, or order, for damages of triple the amount so owing.