■ BEHROOZ BASSIM, Appellant, v E. STANLEY HOWLETT, III, as Chair of the Board of Directors of Canton-Potsdam Hospital, et al., Respondents. [594 NYS2d 381] —Casey, J. Appeal from an order of the Supreme Court (Duskas, J.), entered March 5, 1992 in St. Lawrence County, which granted defendants' motion for summary judgment dismissing the complaint.

In July 1988, plaintiff forwarded a letter to defendant Bruce C. Potter, president of Canton-Potsdam Hospital, requesting that his hospital privileges be changed from active staff member to courtesy staff member. The hospital's Medical Executive Committee thereafter unanimously voted to suspend all of plaintiff's hospital privileges based upon the quality of care provided by plaintiff in six specific cases. Following the hearing requested by plaintiff, the Fair Hearing Committee apparently recommended, *inter alia,* that plaintiff be denied courtesy staff privileges; the thrust of the committee's recommendation, however, is by no means clear. In August 1989, Potter advised plaintiff that the hospital's Medical Executive Committee had voted to deny his application for courtesy staff

privileges. Plaintiff subsequently appeared before the hospital's Appellate Review Committee which determined, *inter alia*, that the record evidence supported the suspension of plaintiff's hospital privileges.

In August 1990, plaintiff was advised by a letter from Potter that the hospital's Board of Directors had voted to deny his request for courtesy staff privileges. The reasons cited for the Board's determination were: "1. [I]ts concurrence with the salient recommendations of the Medical Executive, Fair Hearing, and Appellate Review Committees, 2. concerns expressed at all of those levels regarding [plaintiff's] demonstrated level of competence and the proofs *[sic]* [that plaintiff] submitted in support of [his] application, 3. external and internal peer review findings of substandard care in a substantial number of [plaintiff's] case." By determination of the Commissioner of Education dated October 26, 1990, which was subsequently confirmed by this Court *(see, Matter of Bassim v Sobol,* 178 AD2d 787, *appeal dismissed, lv denied* 79 NY2d 941), plaintiff's license to practice medicine was revoked.

Plaintiff thereafter commenced this action against Potter and defendant E. Stanley Howlett, III, chair of the hospital's Board of Directors, seeking to recover damages for alleged libel and prima facie tort. Following service of plaintiff's amended complaint, defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) and (11). Upon notice to the parties, Supreme Court converted defendants' motion to a CPLR 3212 motion for summary judgment *(see,* CPLR 3211 [c]). Supreme Court granted defendants' motion for summary judgment dismissing the complaint, resulting in this appeal by plaintiff.

We reject defendants' contention that this action is barred by the provisions of the hospital's bylaws which require a complaining physician to exhaust the remedies available under Public Health Law § 2801-b prior to commencing an action to challenge a Board determination. The causes of action contained in plaintiff's complaint do not challenge the Board's determination to deny him courtesy staff privileges and, therefore, the relevant provisions in the hospital bylaws do not operate as a bar to this action.

As to plaintiff's cause of action sounding in prima facie tort, we are of the view that summary judgment was properly granted to defendants. Prima facie tort affords a remedy for damages caused by the infliction of intentional harm, without excuse or justification, by an act or series of acts which would otherwise be lawful *(Freihofer v Hearst Corp.,* 65 NY2d 135,

142-143). "A critical element of the cause of action is that plaintiff suffered specific and measurable loss, which requires an allegation of special damages" *(Freihofer v Hearst Corp., supra,* at 143 [citations omitted]). Plaintiff failed to tender sufficient proof to meet that specific requirement here. Allegations that the Board's actions will deprive plaintiff of future employment in the medical field and/or have caused plaintiff personal anguish do not constitute "a particularized statement of * * * reasonable, identifiable and measurable special damages" *(Constant v Hallmark Cards,* 172 AD2d 641, 642; *see, Patane v Griffin,* 164 AD2d 192, 196, *lv denied* 77 NY2d 810), and the record does not support plaintiff's claim of alleged monetary losses. Accordingly, defendants' motion for summary judgment dismissing this cause of action was properly granted.

Assuming that there was sufficient publication to permit plaintiff to proceed with his defamation cause of action against the named defendants, it is our view that Potter's letter of August 2, 1990, which must be tested against the understanding of the average reader *(see, Carney v Memorial Hosp. & Nursing Home,* 64 NY2d 770, 772), is not susceptible of a defamatory connotation. Less than three months after the letter advised plaintiff that his request for courtesy staff privileges had been denied, plaintiff's license to practice medicine was revoked, and the determination revoking his license was confirmed by this Court *(Matter of Bassim v Sobol,* 178 AD2d 787, *appeal dismissed, lv denied* 79 NY2d 941, *supra).* Assuming that the letter could be read as imputing that plaintiff lacks the necessary skills to practice medicine, it could not defame plaintiff, who is not a member of the medical profession. That plaintiff was licensed to practice medicine for a brief period of time after the letter was sent to him and hopes to have his license reinstated someday should not alter this conclusion.

In any event, it is undisputed that the letter constituted official notification of the determination of the hospital's Board of Directors that plaintiff's application for courtesy staff privileges had been denied. The determination was made after a hearing conducted by the hospital's Fair Hearing Committee and following plaintiff's appeal to the hospital's Appellate Review Committee. It appears, therefore, that the determination and the official notification of that determination may have been made in the course of a quasi-judicial proceeding and are, therefore, subject to an absolute privilege *(see, Herzfeld & Stern v Beck,* 175 AD2d 689, 691, *lv dismissed* 79 NY2d

914). At the very least, any communication made by defendants, in the furtherance of their duty or interest in the hospital's review process, to others who have a similar duty or interest, including plaintiff, is subject to a qualified privilege *(see, Shapiro v Health Ins. Plan,* 7 NY2d 56, 60-61; *see also,* Public Health Law § 2805-j [2]). In order to render the communication actionable, plaintiff must prove not only falsity, but also that defendants were motivated by malice or ill will *(supra).* The record contains affidavits from both defendants which allege that they acted pursuant to their duties as director or officer of the hospital with no bad faith or malice toward plaintiff. In response, plaintiff merely alleges that defendants acted maliciously and in bad faith. Such conclusory allegations, unsupported by any evidentiary facts, are patently insufficient to avoid dismissal on a summary judgment motion *(see, Cosme v Town of Islip,* 63 NY2d 908). Supreme Court's order dismissing the complaint should therefore be affirmed.

Weiss, P. J., and Yesawich Jr., J., concur.

Crew III, J. (concurring in part and dissenting in part). We concur with the majority's determination that this action is not barred by certain provisions contained in the Canton-Potsdam Hospital bylaws and agree that summary judgment was properly granted to defendants with regard to plaintiff's cause of action sounding in prima facie tort. With respect to plaintiff's defamation cause of action, we reach a different conclusion and respectfully dissent.

It is well settled that a cause of action for libel requires publication of a defamatory statement *(see, Barber v Daly,* 185 AD2d 567, 568). Based upon a review of the record as a whole, and more particularly the reports and recommendations rendered by the various committees that reviewed plaintiff's request for courtesy staff privileges, we conclude that reasons number "1" and "2", as cited by the hospital's Board of Directors in its August 2, 1990 letter to plaintiff, are "substantially true" *(see, Jung Hee Lee Han v State of New York,* 186 AD2d 536, 537; *Fantaco Enters. v Iavarone,* 161 AD2d 875, 877). These statements, therefore, are not actionable and summary judgment was properly granted to this extent.

With respect to the third reason cited by the Board for its determination, it would appear that plaintiff has satisfied the publication requirement *(see,* 44 NY Jur 2d, Defamation and Privacy, § 59, at 20), and we are of the view that this statement is "susceptible to a defamatory connotation" *(Carney v Memorial Hosp. & Nursing Home,* 64 NY2d 770, 772) as such

words arguably affect plaintiff in his profession by imputing that he lacks the necessary skills to practice medicine (see generally, 43 NY Jur 2d, Defamation and Privacy, §§ 26-28, at 533-538). Contrary to the majority's conclusion, the fact that plaintiff subsequently lost his license to practice medicine, although certainly relevant to his measure of damages, does not divest him of this cause of action which accrued at a time when he was a duly licensed physician. Accordingly, we would modify Supreme Court's order by reversing so much thereof as granted defendants' motion for summary judgment dismissing plaintiff's defamation cause of action as to this statement.

As to any defense, inasmuch as the actual reported findings of the various peer review committees are not included in the record, we are unable to assess the truthfulness of the final reason cited by the Board for the denial of plaintiff's application for courtesy staff privileges. We are also unable to agree with the majority's conclusion that defendants may avail themselves of the qualified privilege contained in Public Health Law § 2805-j (2), as it is not entirely clear from the record that the hearing conducted on plaintiff's application for courtesy staff privileges was part of a quality assurance review procedure (see, Public Health Law § 2805-j [1] [b], [c]). Finally, although plaintiff did receive a hearing and some administrative review, we do not believe that the record before this Court is sufficiently developed to permit us to conclude that the Board's determination and resulting notification to plaintiff were made in the course of a quasi-judicial proceeding, thereby entitling defendants to an absolute privilege as to any statements made (see generally, Herzfeld & Stern v Beck, 175 AD2d 689, 691, lv dismissed 79 NY2d 914). In this regard, we note that the full text of the relevant hearings has not been provided to this Court, and some concern was expressed at the various committee levels as to whether plaintiff had been afforded adequate due process.

Mercure, J., concurs. Ordered that the order is affirmed, with costs.