PER CURIAM.
The appellant, H. David Gilliard, Jr., challenges a final judgment entered against him and in favor of Stephen R. Wright, Receiver for Gilliard Grove Services, Inc. and Gilliard Groves, Inc.
The trial court entered a final judgment awarding the appellee “the sum of $3,168,-682.00 on principal, $34,796.00 for attorneys fees with costs in the sum of $5,675.54, making a sub total of $3,209,153.54 that shall bear interest at a rate of 12% a year and in addition the plaintiff shall recover prejudgment interest of $2,968,948.00-for which let execution issue.”
We find that the trial court erred by awarding the appellee certain prejudgment interest but affirm the trial court, without discussion, in all other respects.
In one count of the appellee’s complaint, he alleged a cause of action for civil theft in the amount of $969,325.00 and requested treble damages on that amount. The trial court granted the treble damage request and then gave the appellee prejudgment interest on the $2,907,975.00 award. This was error. We agree with our sister court’s holding in Zucker v. Sears Roebuck & Co., 589 So.2d 454 (Fla. 5th DCA 1991). In Zucker, the court held that prejudgment interest may not be awarded on a statutory penalty. Prejudgment interest should not be ordered as punishment, but instead as restitution to compensate a plaintiff for the loss of use of the plaintiffs money over the period of time that the party is deprived of the use of that money. Zucker. We, accordingly, reverse that part of the prejudgment interest award that relates to the treble damage award and instruct the court to compute the interest in accordance herewith. As mentioned above, we affirm in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
DANAHY, A.C.J., and SCHOONOVER and BLUE, JJ., concur.