■ CLIFFORD J. HARMS, Respondent, v MARIANNA RIORDAN-BELLIZI et al., Appellants. [636 NYS2d 839] —In an action, *inter alia,* to recover damages for defamation, intentional infliction of emotional distress, and discrimination, the defendants appeal from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated April 4, 1994, as denied their motion to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

The plaintiff, Clifford Harms, a captain at the New York City Department of Transportation (hereinafter DOT), was charged by a female subordinate with sexual harassment. After an informal conference, the charges were sustained. The plaintiff then elected to waive a hearing pursuant to Civil Service Law § 75, elected to proceed in accordance with the Grievance Procedure set forth in his collective bargaining agreement, and waived, in writing, his "right to utilize the procedures available to me pursuant to sections 75 and 76 of the Civil Service Law or any other administrative or judicial tribunal except for the purpose of enforcing an arbitrator's award, if any".

A hearing was held on April 19, 1993, before the defendant Hearing Officer Marianna Riordan-Bellizi. On May 25, 1993, Riordan-Bellizi issued a decision upholding both the finding of guilt against the plaintiff and the recommended penalty of his dismissal.

Thereafter, the plaintiff filed a request for arbitration with the New York City Office of Collective Bargaining. Along with the request for arbitration, the plaintiff again agreed to waive his rights to submit his dispute to any other administrative or judicial tribunal except for the purpose of enforcing the arbitrator's award. The arbitration proceeding was pending at the time of the commencement of this action.

The plaintiff commenced this action against the defendants

Riordan-Bellizi and her supervisor Gail A. Gavin, General Counsel for the New York City Office of Labor Relations, alleging, *inter alia*, that the defendants discriminated against him and violated his civil rights by recommending his dismissal based upon his gender, that the Hearing Officer's "false and corrupt decision" defamed him, and that the decision resulted in the infliction of emotional distress.

We agree with the defendants' contention that the complaint must be dismissed because the plaintiff waived his right to judicial review. The plaintiff, after twice waiving, in writing, the right to submit the dispute over whether he should be discharged based upon a charge of sexual harassment to a judicial tribunal, attempted to do just that by commencing the instant action. His waiver must be enforced, and the instant action dismissed *(see, Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 NY 288, 289).*

We further note that the decision of the Hearing Officer, rendered after a hearing, was quasi-judicial in nature, and therefore is clothed with absolute immunity from claims sounding in defamation or injurious falsehood *(see, Toker v Pollak, 44 NY2d 211, 222).* Further, no outrageous conduct was alleged which could be the basis for a cause of action sounding in intentional infliction of emotional distress *(see, Chime v Sicuranza, 221 AD2d 401; Moore v County of Rockland, 192 AD2d 1021).*

In light of our determination, we need not address the question of whether service of process was properly effected. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.