692 So.2d 915 (1997)
EATON VANCE DISTRIBUTORS, INC. and Wharton P. Whitaker, Appellants,
v.
Roger E. ULRICH, Appellee.
No. 95-04647.
District Court of Appeal of Florida, Second District.
March 19, 1997.
Arthur J. England, Jr. and Alison M. Igoe of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, and Burton W. Wiand and Florence E. Harmon of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for Appellant Eaton Vance.
Daniel S. Pearson and Lenore C. Smith of Holland and Knight, Miami, for Appellant Whitaker.
John R. Kiefner, Jr. and Clifford J. Hunt of Riden, Earle & Kiefner, P.A., St. Petersburg, for Appellee.
*916 Stuart H. Bompey and Ira G. Rosenstein of Orrick, Herrington & Sutcliffe, New York City, for Securities Industry Association Inc., Amicus Curiae, in support of Appellant Eaton Vance Distributors.
WHATLEY, Judge.
Eaton Vance Distributors, Inc. and Wharton P. Whitaker challenge the compensatory and punitive damages awarded to Roger E. Ulrich in binding arbitration before the National Association of Securities Dealers (NASD). Ulrich was awarded $625,000 in compensatory damages and $1,250,000 in punitive damages, together with costs in the amount of $13,310.97. The arbitration panel also found Vance and Whitaker responsible for attorney's fees but left the determination of the amount of those attorney's fees to be decided by an "appropriate court of competent jurisdiction."
Vance and Whitaker each filed motions to vacate the award which were denied by the trial court. The trial court then entered a final judgment confirming the arbitration award and reserving jurisdiction over the issue of attorney's fees and any additional costs.
Ulrich had been employed by Vance since 1983 and at the time of his termination was a mutual fund wholesaler. For a number of years Ulrich had been one of Vance's top producers. Whitaker became employed by Vance in 1987 as national sales manager. In 1991, Ulrich began reporting directly to Whitaker.
Ulrich's claim against Vance and Whitaker was primarily for defamation related to a Form U-5. "Whenever a registered employee leaves the firm's employ, NASD requires stockbrokerage firms to file a Form U-5." Kurschus v. PaineWebber, Inc., 1996 WL 389303 at Fn.1 (S.D.N.Y. July 11, 1996). Whitaker signed the Form U-5 pertaining to Ulrich.
Vance and Whitaker begin this appeal with a significant burden. Whether applying state or federal standards, the judicial review in cases involving the confirmation of an arbitration award is extremely limited. See 9 U.S.C. §§ 10(a), 11; Lifecare Int'l, Inc. v. CD Med., Inc., 68 F.3d 429 (11th Cir.1995), modified, 85 F.3d 519 (11th Cir.1996); § 682.13, Fla.Stat. (1995); Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989). Thus, even under an ordinary standard, an appellate court's review of a trial court's order confirming an arbitration award is necessarily limited. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). While we will discuss certain issues raised in the appeal in the following portions of this opinion, the limited standard of review compels us to affirm on all issues raised, except the award of prejudgment interest on punitive damages and costs.
Vance and Whitaker contend that the contents of the Form U-5 should be "absolutely privileged." Vance and Whitaker cite Herzfeld & Stern, Inc. v. Beck, 175 A.D.2d 689, 572 N.Y.S.2d 683 (N.Y.App. Div. 1 Dept. 1991), and Culver v. Merrill Lynch & Co., Inc., 1995 WL 422203 (S.D.N.Y., July 17, 1995). We reject the claim that statements made in a Form U-5 are absolutely privileged. We conclude that defamatory statements on a Form U-5 are actionable, and they are subject only to a qualified privilege. See Glennon v. Dean Witter Reynolds, Inc., 83 F.3d 132 (6th Cir.1996); Baravati v. Josephthal, Lyon & Ross, Inc., 28 F.3d 704 (7th Cir.1994); Fahnestock & Co., Inc. v. Waltman, 935 F.2d 512 (2nd Cir.), cert. denied, 502 U.S. 942, 112 S.Ct. 380, 116 L.Ed.2d 331 (1991), cert. denied, 502 U.S. 1120, 112 S.Ct. 1241, 117 L.Ed.2d 474 (1992); Fleck v. E.F. Hutton Group, Inc., 891 F.2d 1047 (2nd Cir.1989). The Fahnestock court specifically stated that: "Moreover, we have recognized that defamation claims based on statements in a Form U-5 are arbitrable." 935 F.2d at 515.
Ulrich's position in this matter was not simply directed to the content of the Form U-5 being defamatory. Ulrich put forth evidence that Vance and Whitaker "offered" to modify the content of the Form U-5 if Ulrich accepted their offer pertaining to a severance package. Ulrich rejected that offer. A Form U-5, by necessity, is not to have its contents bartered, as the very purpose of a Form U-5 mandates truthful disclosure *917 as to the reason(s) a registered employee ceases employment. An employer could properly allow an employee the option of resigning as opposed to being fired, but an employer may not attempt to gain an advantage, monetary or otherwise, in exchange for "favorable wording" on a Form U-5. The arbitrator's award found "[t]he panel also believes that the U-5 was improperly used in the termination negotiations in order to manipulate a settlement with claimant."
The next issue we address is the arbitration award of compensatory damages of $625,000 "inclusive of interest." Vance and Ulrich argue that this award is improper because it did not specify how much of the $625,000 was interest. In addition, it is argued that the adding of interest to this sum was inappropriate as it constituted the compounding of interest. These arguments would deserve closer attention if the $625,000 was truly inclusive of interest. It clearly was not. Beverly Gordon was the industry/chairperson of the arbitration panel and her October 26, 1994 letter to the NASD arbitration department set forth the $625,000 compensatory damage award with explanatory language. It was the content of this letter that formed the basis for the formal arbitration award. After reviewing the plain meaning of the language of Chairperson Gordon's letter, it is clear that no interest was included in the $625,000 compensatory damage award.
Vance and Whitaker also challenge the award of prejudgment interest on punitive damages and costs. We agree with their position and reverse the prejudgment interest which the trial court awarded on punitive damages and costs. Orlando Regional Med. Ctr., Inc. v. Chmielewski, 573 So.2d 876 (Fla. 5th DCA 1990), review denied, 583 So.2d 1036 (Fla.1991), addressed the issue of prejudgment interest on costs by stating "[w]e agree with the trial judge that prejudgment interest on costs is not available under Florida's current case law." 573 So.2d at 883. Likewise, prejudgment interest is not available on punitive damages. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985); Gilliard v. Wright, 667 So.2d 815 (Fla. 2d DCA 1995); Zucker v. Sears, Roebuck and Co., 589 So.2d 454 (Fla. 5th DCA 1991). We certify that this portion of our opinion is in conflict with Okun v. Litwin Sec., Inc., 652 So.2d 387 (Fla. 3d DCA), review denied, 660 So.2d 713 (Fla.1995).
All other issues raised by Vance and Whitaker are affirmed without discussion.
Accordingly, the final judgment confirming the arbitration award is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
DANAHY, A.C.J., and FULMER, J., concur.