■ CARMINE P. ROMEO, Respondent, v VILLAGE OF FISHKILL et al., Appellants. [670 NYS2d 772] —In an action to recover damages for defamation, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated February 6, 1997, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Village of Fishkill.

Ordered that the appeals by the defendants George Carter, Betty Fasulo, and Scott Carson are dismissed, as those defendants are not aggrieved by the order (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was to dismiss the complaint insofar as asserted against the defendant Village of Fishkill is granted, the complaint is dismissed insofar as asserted against the defendant Village of Fishkill; and it is further,

Ordered that the defendant Village of Fishkill is awarded one bill of costs.

The plaintiff commenced an action challenging his termination as the Chief of Police of the defendant Village of Fishkill. In that action, the Supreme Court directed that a name-clearing hearing be held "to dispose of this part of these proceedings". At the ensuing hearing, while cross-examining the plaintiff regarding whether he acted lawfully in recording some of his own telephone conversations, the attorney representing the Village made a statement suggesting that the plaintiff had committed a Federal crime. The plaintiff thereafter commenced this action to recover damages for defamation.

Contrary to the determination of the Supreme Court, the application by the Village for summary judgment dismissing the complaint against it on the ground of absolute privilege should have been granted. It is well settled that an action alleging defamation may not be maintained with regard to a statement made by a participant in a judicial or quasi-judicial proceeding as long as the statement is pertinent thereto (*see, Park Knoll Assocs. v Schmidt,* 59 NY2d 205; *Toker v Pollak,* 44 NY2d 211; *Allan & Allan Arts v Rosenblum,* 201 AD2d 136, *cert denied* 516 US 914). The record supports the assertion of the Village that the administrative name-clearing hearing bore sufficient indicia of a judicial proceeding to permit invocation of the absolute privilege (*see, e.g., Harms v Riordan-Bellizi,* 223 AD2d 624; *Allan & Allan Arts v Rosenblum, supra; Le Sannom Bldg. Corp. v Dudek,* 177 AD2d 390; *Herzfeld & Stern v Beck,* 175 AD2d 689). Moreover, evaluated in the context of the cross-examination of the plaintiff at the hearing, the alleged defamatory statement was sufficiently pertinent to the proceeding because it was related to the matters explored on cross-examination as well as to the subject matter of the proceeding and the plaintiff's veracity and credibility (*see generally, Martirano v Frost,* 25 NY2d 505; *Caplan v Winslett,* 218 AD2d 148; *Allan & Allan Arts v Rosenblum, supra).* Accordingly, the Village is entitled to summary judgment. Rosenblatt, J. P., Ritter, Sullivan and Goldstein, JJ., concur.