■ ROBERT RITZCOVAN, Appellant, v WARREN BURGER, Respondent. (Action No. 1.) DONALD SAMPSON, Appellant, v WARREN BURGER, Respondent. (Action No. 2.) [673 NYS2d 327] —In related actions to recover damages for defamation, the plaintiff in Action No. 1, Robert Ritzcovan, appeals from a judgment of the Supreme Court, Orange County (Slobod, J.), entered September 5, 1997, which, upon so much of an order of the same court dated August 26, 1997, as granted that branch of the defendant's motion which was for summary judgment

dismissing his complaint, dismissed his complaint and awarded the defendant costs and disbursements, and the plaintiff in Action No. 2, Donald Sampson, appeals, as limited by his brief, from so much of the order dated August 26, 1997, as granted that branch of the defendant's motion which was to dismiss his complaint. The notice of appeal on behalf of the plaintiff in Action No. 1, Robert Ritzcovan, from the order dated August 26, 1997, is deemed a premature notice of appeal from the judgment entered September 5, 1997, in Action No. 1.

Ordered that on the appeal of Robert Ritzcovan, the judgment is affirmed; and it is further,

Ordered that on the appeal of Donald Sampson, the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

Contrary to the plaintiffs' contentions, the defendant's statements were absolutely privileged, as they were made in the context of a quasi-judicial proceeding (*see, Toker v Pollak*, 44 NY2d 211; *Harms v Riordan-Bellizi*, 223 AD2d 624; *Herzfeld & Stern v Beck*, 175 AD2d 689, 691; *Missick v Big V Supermarkets*, 115 AD2d 808). The Supreme Court therefore correctly granted the defendant's motion for summary judgment. O'Brien, J. P., Pizzuto, Joy and Florio, JJ., concur.