■ In the Matter of LEONARD DUNN, Respondent, v LADENBURG THALMANN & Co., INC., Appellant. [686 NYS2d 471] —In a proceeding pursuant to CPLR 75 to confirm an arbitration award, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (Levitt, J.), entered February 23, 1998, which granted the petitioner's motion to confirm the award, denied the cross motion of Ladenburg Thalmann & Co., Inc., to dismiss the petition and vacate the award, and confirmed the award.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, the cross motion is granted, the arbitration award is vacated, and the petition is dismissed.

We agree with the appellant that the subject arbitration award must be vacated since it is violative of public policy (*see, Garrity v Lyle Stuart, Inc.,* 40 NY2d 354; *cf., Matter of Sprinzen [Nomberg],* 46 NY2d 623, 631; *cf., Matter of Meehan v Nassau Community Coll.,* 152 AD2d 313). The record demonstrates that the statements underlying the petitioner's defamation claim against his former employer were made during the course of a quasi-judicial administrative investigation conducted by the National Association of Securities Dealers, and that the statements in question were therefore absolutely privileged (*see, Herzfeld & Stern v Beck,* 175 AD2d 689, 691; *cf., Ritzcovan v Burger,* 251 AD2d 393; *Harms v Riordan-Bellizi,* 223 AD2d 624, 625).

It is well settled that "[p]ublic policy mandates that certain communications, although defamatory, cannot serve as the basis for the imposition of liability in a defamation action" (*Toker v Pollak,* 44 NY2d 211, 218). In accord with this

principle, it has been held that due to compelling public policy reasons (*see, Liberman v Gelstein,* 80 NY2d 429, 437), statements uttered in the course of judicial or quasi-judicial proceedings are absolutely privileged so long as they are material and pertinent to the questions involved notwithstanding the motive with which they are made (*see, Herzfeld & Stern v Beck, supra*; *see also, Wiener v Weintraub,* 22 NY2d 330; *Allan & Allan Arts v Rosenblum,* 201 AD2d 136, *cert denied* 516 US 914; *Park Knoll Assocs. v Schmidt,* 59 NY2d 205, 208-209; *Romeo v Village of Fishkill,* 248 AD2d 700). Moreover, while arbitrators are afforded wide discretion in matters submitted to them upon the consent of the parties, an award which is violative of public policy will not be permitted to stand (*see, Garrity v Lyle Stuart, Inc. supra*; *Matter of Meehan v Nassau Community Coll., supra*; *cf., Hackett v Milbank, Tweed, Hadley & McCoy,* 86 NY2d 146, 155).

The challenged arbitration award operates to completely negate the compelling public policy concerns underlying the privilege, *i.e.,* the need to encourage the free and open disclosure of information relevant to potential securities violations (*see, Toker v Pollak, supra,* at 223; *Herzfeld & Stern v Beck, supra,* at 691-692; *Wiener v Weintraub, supra,* at 332; *cf., Matter of Board of Educ. [Buffalo Council of Supervisors & Adm'rs],* 52 AD2d 220). Under the circumstances, the arbitration award must be vacated and the petition dismissed. S. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.