OPINION OF THE COURT
Franklin R. Weissberg, J.
In this action, the plaintiff seeks damages arising from his termination as an employee with the defendant Rapid Armored Corporation, a subsidiary of the defendant Pay-O-Matic. Rapid operates a fleet of armored trucks which pick up consignments and deliver them to various customers. The plaintiff was employed by Rapid as an armed guard on one of its trucks. He was fired in connection with an investigation which Rapid had undertaken into the theft of a $45,520.12 consignment which he and two other Rapid employees had picked up from a company doing business as VIM. The termination occurred two days after he indicated, upon being asked to take a lie detector test about the matter, that he first wished to consult with someone.
The complaint contains four causes of action. In the first cause of action, the plaintiff alleges that the defendants fired him because of his insistence that he speak with someone before taking the lie detector test and that they therefore violated his rights under the Federal Employee Polygraph Protection Act of 1988 (29 USC § 2001 et seq. [hereafter EPPA]). The second cause of action is for defamation. The third cause of action appears to assert the tort of intentional infliction of emotional distress. The fourth cause of action asserts that the plaintiff is entitled to punitive damages. In the defendants’ answer, Rapid counterclaimed for damages in the amount of the VIM consignment which was stolen. The defendants have now moved for summary judgment dismissing the complaint and for summary judgment on Rapid’s counterclaim.
Under the EPPA, it is unlawful for a private employer to require or request any employee to take or submit to a lie detec *137 tor test. (See, 29 USC § 2002 [1], [3]; see also, Wiltshire v Citibank, 171 Misc 2d 250, 253 [Sup Ct, NY County 1996].) However, by exemption, an employer engaged in an “ongoing investigation involving economic loss or injury to the employer’s business, such as theft” may request an employee to submit to a polygraph test. (29 USC §2006 [d] [1].) In order for this exemption to apply, the employer must, inter alia, provide the employee with a written statement. (See, 29 USC § 2006 [d] [4].) This statement must contain
“at a minimum * * *
“(ii) a statement indicating that the employee had access to the property that is the subject of the investigation, and
“(iii) a statement describing the basis of the employer’s reasonable suspicion that the employee was involved in the incident or activity under investigation.” (29 USC § 2006 [d] [4] [D] [ii], [iii].)
Literal compliance with the provisions of 29 USC § 2006 (d) is required to take an employer out of the basic EPPA prohibition on the use of polygraphs. (See, Wiltshire v Citibank, 171 Misc 2d, at 261-262; see also, Lyle v Mercy Hosp. Anderson, 876 F Supp 157, 161 [SD Ohio 1995].)
Here, the plaintiff alleges that Rapid, in the statement which it gave to him after requesting that he take a lie detector test, failed to include a statement adequately describing the basis of the employer’s suspicion about him. The plaintiff is correct. The form given to plaintiff stated that “We feel that you should be examined because you had direct access to the missing bag.” This information, however, was already supplied to the plaintiff in the statement’s prior paragraph, as required under 29 USC § 2006 (d) (4) (D) (ii). To comply with the requirement under 29 USC § 2006 (d) (4) (D) (iii) that the employee be apprised of the basis of the employer’s reasonable suspicion, Rapid was clearly required to do more than merely repeat the fact that the employee had access to the stolen property. Indeed, it has been established that “reasonable suspicion” refers to “an observable, articulable basis in fact” given the totality of the circumstances and that access or opportunity, standing alone, does not constitute a basis for reasonable suspicion. (See, 29 CFR 801.12 [f] [1]; Long v Mango’s Tropical Cafe, 972 F Supp 655, 659, n 8 [SD Fla 1997].)
Since Rapid did not comply with the requirements of 29 USC § 2006 (d), it was not exempt from the EPPA prohibition on requesting an employee to submit to a lie detector test and *138 on terminating the employee because of the results of the test or because of the employee’s response to the request. (See, 29 USC § 2002 [1], [3].) The mere fact that the plaintiff was asked to take a lie detector test does not and cannot, by itself, give rise to any liability since, without more, there is no actual injury. To establish such an actual injury in this case, the plaintiff must show that the decision to terminate him was made, at least in part, because of Rapid’s dissatisfaction with his response to the request that he submit to a polygraph test. In this respect, Rapid has submitted a number of affidavits from the company officers involved in the October 8, 1997 decision to terminate plaintiff who state that the decision was based solely on the evidence which their investigation of the theft had uncovered. Rapid argues that these affidavits establish that the proposed polygraph test played no part in the plaintiff’s termination and that the defendants are entitled to summary judgment because there is no triable issue of fact. The court disagrees. The fact that the plaintiff was fired two days after he expressed some reluctance to take a polygraph test without first speaking with someone establishes a prima facie violation of the EPPA. (See, Wiltshire v Citibank, 171 Misc 2d, supra, at 256.) On a summary judgment motion, it would be inappropriate for the court to make a factual determination that this prima facie showing is outweighed by the self-serving statements of the officers who made the termination decision. (Supra, at 257.) Moreover, notes taken at the October 8, 1997 meeting suggest that the plaintiff’s response to the request that he take a polygraph test may well have been a factor in the decision to terminate him. These notes refer to the fact that the two other employees who were on the truck which was assigned to pick up the VIM consignment had agreed to take the test but that the plaintiff had refused. The notes indicate that “the guy” who “refused” to take the test should be fired. The court therefore finds that there is a triable issue of fact on the question of whether the plaintiff’s response to the request that he take a polygraph test was a factor in the decision to terminate him. The defendants’ motion for summary judgment dismissing the first cause of action on this ground is denied.
The defendants also argue that the complaint should be dismissed as against Pay-O-Matic because there is no evidence showing that it participated in the decision to terminate the plaintiff or that it controls its subsidiary, Rapid, in such a way as to justify piercing the corporate veil. However, in this court’s *139 April 20, 1999 decision granting the plaintiffs motion to amend his complaint so as to add Pay-O-Matic as a defendant herein, it was noted that the plaintiff had submitted evidence obtained through discovery' which indicates that Pay-O-Matic may not only have participated in the acts which are the basis of this lawsuit, but may have exercised, as a parent corporation, domination and control over Rapid. There is nothing in the defendants’ motion papers which have established otherwise. The evidence previously submitted thus raises a triable issue of fact and the motion for summary judgment dismissing the complaint as against Pay-O-Matic is therefore denied.
As to the second cause of action, the complaint is defective because it fails to set forth with particularity, as required under CPLR 3016 (a), the defendants’ actual defamatory words. In any event, the accusations of theft which the defendants have made against the plaintiff fall within the qualified privilege against a claim of defamation since they were allegedly made only to persons having a common interest in the subject matter. (See, Foster v Churchill, 87 NY2d 744, 751 [1996].) This privilege protects the defendants from liability herein since the plaintiff has not made any showing that the defendants acted with malice. (Supra.) The second cause of action is therefore dismissed.
The third cause of action is also dismissed. In order to recover on the tort of intentional infliction of emotional distress, a party must establish that the other party’s conduct was so extreme and outrageous in degree and character as to go beyond all possible bounds of decency and that this conduct can be regarded as atrocious and utterly intolerable in a civilized society. (See, Vasarhelyi v New School for Social Research, 230 AD2d 658 [1st Dept 1996]; see also, Howell v New York Post Co., 81 NY2d 115, 121 [1993]; Harms v Riordan-Bellizi, 223 AD2d 624, 625.) The conduct complained of in this case does not rise to a level of “extreme outrage” nor does it exceed all bounds usually tolerated in a decent society. Moreover, the plaintiffs factual allegations do not support a claim that the defendants’ conduct was at all calculated to cause emotional distress.
As to the fourth cause of action, the plaintiff alleges that he is entitled to an award of punitive damages. This cause of action is dismissed. There can be no separate cause of action to recover punitive damages. (See, Rocanova v Equitable Life Assur. Socy., 83 NY2d 603, 616 [1994]; Glatter v Chase Manhattan Bank, 239 AD2d 68, 73 [2d Dept 1998].)
*140 Finally, the defendants’ motion for summary judgment in their favor on Rapid’s counterclaim is denied. It is for a jury to determine whether the circumstantial evidence is such as to establish that it was plaintiff who stole the $45,520.12 VIM consignment.