■ In the Matter of NIDSA COLON, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [949 NYS2d 189]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated March 11, 2010, which denied the petitioner's application for a performance-of-duty retirement disability pension pursuant to Retirement and Social Security Law § 607-b, the petitioner appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated June 29, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

After the petitioner's September 2008 application for a performance-of-duty retirement disability pension was denied by the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees), she was informed by letter that she had three different options to seek review of the determination. These options were: (1) to commence a CPLR article 78 proceeding within four months of receipt of the denial letter, (2) to request review of her case by a Special Medical Committee consisting of three independent physicians, or (3) to refile for a disability pension. The petitioner elected to have her case reviewed by the Special Medical Committee and, as required to obtain such review pursuant to Administrative Code of the City of New York § 13-169 (b) (2) (i), she waived any right to further administrative or judicial review of the Board of Trustees' determination. The Special Medical Review Committee subsequently concluded that, although the petitioner was disabled, her disability was not the result of a job-related accident. At a meeting held on March 11, 2010, the Board of Trustees adopted the Special Medical Review Committee's recommendation, and again denied the petitioner's application. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking review of the determination dated March 11, 2010.

Contrary to the petitioner's contention, by electing to have her case reviewed by the Special Medical Review Committee and executing a waiver of her right to further administrative or judicial review, she agreed to accept the Special Medical Review Committee's determination as binding and conclusive. "[W]hen a waiver is freely and knowingly made and not the product of coercion or duress, a party can waive his rights to seek review of an administrative proceeding and such determination is binding" (*Matter of McEwan v New York City Employees' Retirement Sys.*, 159 AD2d 238, 239-240 [1990]). Here, the petitioner does not allege that her waiver was the product of coercion or duress, and the terms of the waiver were clear and unambiguous. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding based on the petitioner's valid waiver (*see Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown*, 46 NY2d 450, 455 [1979], *cert denied* 444 US 845 [1979]; *Matter of Tropea v New York City Empls. Retirement Sys.*, 49 AD2d 819, 820 [1975]; *see also Harms v Riordan-Bellizi*, 223 AD2d 624, 625 [1996]). Rivera, J.P., Florio, Eng and Roman, JJ., concur.